IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------x
:
ALLSTATE INSURANCE COMPANY, ET AL.   :   3:12 CV 1262 (JBA)
:
v.   :
:
MARC KIRSHNER, ET AL.   :   DATE: JUNE 9, 2015
:
---------------------------------------------------------x

<u>RULING ON PLAINTIFFS' MOTION TO COMPEL DEFENDANT JOSEPH HADDAD AND FOR COSTS AND SANCTIONS</u>

Plaintiffs commenced this action on August 29, 2012, followed by an Amended Complaint, filed June 10, 2013 (Dkt. #99), alleging that defendant Joseph Haddad ["defendant"], and nine other defendants, had engaged in a scheme to defraud plaintiffs by performing medically unnecessary treatments and tests, billing plaintiffs for services not actually rendered, and inflating the value of patients' claims in order to obtain larger first-party payments and third-party settlements from plaintiffs. (Dkt. #99, at 2-3; <u>see also</u> Dkt. #1). Plaintiffs contend that defendant, in his role as a personal injury lawyer, collaborated with medical professionals to order excessive medical treatment for his clients for the purpose of deceiving plaintiffs into paying higher settlements for these clients' personal injury claims. (<u>Id.</u> at 2, 3-4).[1]

On November 9, 2012, the United States filed a Motion to Intervene and for Stay of Discovery in this action pending the resolution of a related criminal case pending against defendant (<u>see</u> Dkts. ##51-52, 65), which motion was granted by U.S. District Judge Janet Bond Arterton on August 2, 2013. (Dkt. #104). On January 3, 2014 defendant pleaded guilty

---

[1] Default judgments were entered against five defendants on December 10, 2012 (Dkts. ##72-76), and the case was voluntarily dismissed against two other defendants on March 11, 2013 and November 24, 2014 (Dkts. ##97, 116), leaving only defendant Haddad and two doctors as defendants.

in the related criminal action to one count of conspiracy to commit mail fraud and one count of mail fraud. (See U.S. v. Haddad, 3:13 CR 144(SRU), Dkts. ##24-25). In addition to serving a fifty-one month prison sentence, defendant has been ordered to make restitution in the amount of $1,758,368.00, of which these plaintiffs are entitled to 8.74%, or $153,681.36. (Id., Dkts. ##25, 56-57, 60). On September 16, 2014, plaintiffs filed a Motion to Reopen Case and Restore to the Active Docket, which motion was granted three days later. (Dkts. ##112-13).

Under the present Scheduling Order, filed on November 4, 2014, by Judge Arterton (Dkt. #115), all discovery is to be completed by January 4, 2016, and all dispositive motions are to be filed by February 4, 2016.

On April 13, 2015, plaintiffs filed the pending Motion to Compel Defendant Joseph Haddad and for Costs and Sanctions and brief in support (Dkts. ##119-20),[2] which was referred to this Magistrate Judge eight days later. (Dkt. #121). In this motion, plaintiffs argue that defendant's responses to the discovery requests were inadequate and seek an order compelling discovery; plaintiffs also request reimbursement of the attorney's fees involved in filing the motion and sanctions against defendant. (Dkt. #119, at 1-2). On May 2, 2015, defendant filed his response and brief in opposition. (Dkt. #122).[3] Sixteen days

---

[2]The following seven exhibits are attached: copy of defendant's Plea Agreement, dated January 3, 2014 (Exh. A); copy of plaintiffs' First Set of Interrogatories, dated January 5, 2015 (Exh. B); copy of plaintiffs' First Set of Requests for Production of Documents, also dated January 5, 2015 (Exh. C); copy of defendant's Responses to Plaintiffs' Interrogatories, Requests to Admit, and Requests for Production, dated February 7, 2015 (Exh. D); copies of letters between counsel, dated February 20 and March 12, 2015 (Exhs. E, G); and copy of an e-mail between counsel, dated February 20 and March 8, 2015 (Exh. F).

[3]The following four exhibits are attached: copy of defendant's Amended Judgment, filed September 16, 2014, in his criminal case (Exh. 1); copy of defendant's Sentencing Transcript, dated July 10, 2014 (Exh. 2); copy of the Government's Supplemental Memorandum re Restitution, dated December 19, 2014 (Exh. 3); and copy of Inmate Locator search for defendant, performed on May 2, 2015 (Exh. 4).

later, plaintiffs filed their reply brief. (Dkt. #123).

For the reasons stated below, plaintiffs' Motion to Compel and for Costs and Sanctions (Dkt. #119) is <u>granted in part and denied in part</u>.

## I. DISCUSSION

Plaintiffs claim that defendant's responses to plaintiffs' interrogatories, requests for production, and requests for admission are "severely deficient." (Dkt. #119, Brief at 5-6 & Exhs. B-D). Plaintiffs also claim that after receiving defendant's responses, plaintiffs made multiple attempts to contact defendant to discuss resolving these alleged deficiencies without involving the Court. (<u>Id.</u> at 6 & Exhs. E-G). However, plaintiffs contend that there was no response from defendant and now seek an order: (1) compelling defendant to respond fully and completely to the Rule 33 interrogatories served by plaintiffs, with all objections and privileges waived; (2) compelling defendant to respond fully and completely to the Rule 34 requests for production of documents served by plaintiffs, with all objections and privileges waived; (3) imposing sanctions against the defendant and his counsel pursuant to FED. R. CIV. P. 37(d); (4) awarding plaintiffs its expenses, including attorney's fees, in bringing this motion to compel pursuant to FED. R. CIV. P. 37(a)(5)(A); and (5) imposing all other relief deemed just and proper. (Dkt. #119, at 2; Brief at 1-2).

### A. INTERROGATORIES AND REQUESTS FOR PRODUCTION

On January 5, 2015, plaintiffs served their First Set of Interrogatories, consisting of twenty-three separate requests, on defendant. (Dkt. #119, Exh. B). Defendant responded on February 7, 2015 by objecting to all but two of the interrogatories[4] on the grounds that

---

[4] Defendant responded to Interrogatory No. 3 with the answer, "[n]one[,]" and responded that he had no knowledge and was unable to answer Interrogatory No. 23. (Dkt. #119, Exh. D at 2, 7).

3

"[t]he defendant is an incarcerated prisoner and does not have access to records necessary to answer this question[,]" "[t]his interrogatory is too vague and general to be understood or answered. Without waiving this objection, all relevant facts are set forth in the plea colloquy before [U.S. District Judge] Stefan R. Underhill, which [transcript] is posted online and [is] available to plaintiff[s'] counsel through Pacer[,]" "[i]t is impossible to answer this question because it is so broad and there are no records concerning such conversations[,]" "[d]efendant does not have access to any records that would aid in responding to this interrogatory. The relevant documentation is believed to be in possession of the F.B.I. at its New Haven field office[,]" or some combination or variation of these phrases. (Id., Exh. D at 2-7).

Plaintiffs argue that the interrogatories are narrowly tailored and directly relevant to the claims at issue in this litigation and that defendant's objections are improper. (Id., Brief at 7-10). Accordingly, plaintiffs move for an order compelling discovery pursuant to Rule 37 of the Federal Rules of Civil Procedure. (Id. at 10).

On January 5, 2015, plaintiffs also served their First Set of Requests for Production of Documents, consisting of twenty-four separate requests, on defendant. (Dkt. #119, Exh. C). Defendant also responded on February 7, 2015 by objecting to twenty-one of the requests[5] on the grounds that the information is protected by "[a]ttorney-client privilege and attorney work product privilege[,]" the requests are "[o]verly broad and vague[,]" the requests seek "[t]ax returns [which] contain privilege[d] information concerning a third party[,]" "[d]efendant is an incarcerated federal prisoner without access to such materials[,]"

---

[5] Defendant did not object to Requests for Production Nos. 4, 8, and 17; for Requests Nos. 4 and 8, he instead replied "N/A" and for Request No. 17, he replied "[n]one." (Id., Exh. D at 10, 12). He did not produce any documents in response to any of these requests.

or that "[i]f any such documents exist, they are in possession of the F.B.I. at its New Haven field office." (Id., Exh. D).[6]

As with the interrogatories, plaintiffs claim that defendant's responses to the requests for production are insufficient because they are overly generic and fail to state a properly sufficient objection (id., Brief at 10-11), attorney client and work product privilege have been waived and even if they were not waived, defendant failed to produce a privilege log (id. at 11-13), the tax records are discoverable (id. at 13-14), and defendant's incarceration is not a legitimate grounds for objection (id. at 14); plaintiffs move for an order compelling discovery pursuant to Rule 37 for these requests as well. (Id. at 14-16).

In his two-and-one-half page brief in opposition, defendant responds generally to plaintiffs' motion to compel by explaining that "[b]efore the defendant was indicted, this court issued a search warrant pursuant to which all of his office files were seized by the government. Those files have never been released and currently remain in the custody of the [F.B.I.] at its New Haven field office." (Dkt. #122 at 2). He asserts that he has "correctly responded that he does not have any of the requested materials, nor does he have access to any of them, and that he has no independent memory of the events in question." (Id. at 3).

### 1. DEFENDANT'S INCARCERATION

Defendant objects to Interrogatories Nos. 1, 2, 6, 9, 11, 21, and 22 and Requests for Production Nos. 9, 10, 11, 12, 13, 14, 15, 16, 18, 19, 20, 21, and 23 on the grounds that he is incarcerated and either he does not have access to the appropriate records or that the responsive documents are believed to be in F.B.I. custody. (Dkt. #119, Exh. D at 2-13).

---

[6]For many of the responses to interrogatories and requests for production, defendant directs plaintiffs to "[s]ee response" to a previous request. (Id.).

Plaintiffs claim that this is not a proper objection to the interrogatories because recognizing incarceration as an objection to discovery "would allow convicted/admitted criminals to evade civil consequences for their fraud and other bad acts based on the fact that the fraud was also criminally prosecuted." (Id., Brief at 9). Plaintiffs repeat this reasoning in regards to the Requests for Production and suggest that "[i]f [defendant] Haddad cannot physically produce the documents himself due to his incarceration, he can make them available for [plaintiffs'] inspection." (Id. at 14).

When responding to interrogatories, a party is obliged to furnish such information as is available to him. See, e.g., In re Auction Houses Antitrust Litig., 196 F.R.D. 444, 445 (S.D.N.Y. 2000)(a party must respond to interrogatories by "not only providing the information it has, but also the information within its control or otherwise obtainable by it.")(footnote omitted). Similarly, when requesting documents under Rule 34 of the Federal Rules of Civil Procedure, discovery is permitted of such information that is "in the responding party's possession, custody, or control[.]" FED. R. CIV. P. 34(a)(1). Under this standard, a party is not required to have "legal ownership or actual physical possession of the documents at issue; rather, documents are considered to be under a party's control when that party has the right, authority, or practical ability to obtain the documents from a non-party to the action." In re NTL, Inc. Secs. Litig., 244 F.R.D. 179, 195 (S.D.N.Y. 2007)(multiple citations omitted), aff'd sub nom. Gordon Partners v. Blumenthal, No. 02 Civ. 7377 (LAK), 2007 WL 1518632 (S.D.N.Y. May 17, 2007). When determining whether a party has the practical ability to obtain access to documents in the possession of a non-party, courts examine such factors as "the existence of cooperative agreements . . . between the responding party and the non-party, the extent to which the non-party has a stake in the outcome of the litigation,

6

and the non-party's history of cooperating with document requests." Alexander Interactive, Inc. v. Adorama, Inc., No. 12 Civ. 6608 (PKC)(JCF), 2014 WL 61472, at *3 (S.D.N.Y. Jan. 16, 2014). If control of the documents is disputed, it is the party seeking production who bears the burden of establishing the opposing party's control over those documents. Id. (citations omitted); see also Golden Trade, S.r.L. v. Lee Apparel Co., 143 F.R.D. 514, 525 n.7 (S.D.N.Y. 1992)("In the face of a denial by a party that it has possession, custody, or control of documents, the discovering party must make an adequate showing to overcome this assertion.")(citation omitted).

Here, defendant has claimed that he does not have possession of the records required to answer Interrogatories Nos. 1, 2, 6, 9, 11, 21, and 22 and the records sought in Requests for Production Nos. 9, 10, 11, 12, 13, 14, 15, 16, 18, 19, 20, 21, and 23. (Dkt. #119, Exh. D; Dkt. #122 at 2-3). Plaintiffs have failed to demonstrate that defendant still has possession, custody, or control over the requested documents despite his incarceration. Therefore, with regard to Interrogatories Nos. 1, 2, 6, 9, 11, 21, and 22 and Requests for Production Nos. 9, 10, 11, 12, 13, 14, 15, 16, 18, 19, 20, 21, and 23, plaintiffs' motion to compel is denied without prejudice to renew with the understanding that any future motion will include a more detailed explanation of why plaintiffs contend that defendant retains control over the documents currently held by the F.B.I.[7]

---

[7] The Court recognizes plaintiffs' concern that recognizing "incarceration" as an exception to discovery "would allow convicted/admitted criminals to evade civil consequences for their fraud." (Dkt. #119, Brief at 9, 14). However, the Court is not creating an exception for this scenario, but instead is requiring plaintiffs to make an adequate showing in order to overcome defendant's assertion that he does not have the ability to access the requested information.

Alternatively, the most efficient manner in which to proceed would be to inquire whether the F.B.I. Office in New Haven still has these documents in its possession, and if so, to inquire, through the U.S. Attorney's Office, whether the F.B.I. would be willing to share some or all of these documents if plaintiffs' counsel can obtain the necessary authorization from defendant and/or his

2. INFORMATION IN THE PLEA COLLOQUY

Defendant objects to Interrogatories Nos. 10, 12, 16, 17, 18, 19, and 20 because plaintiffs can locate the answers to these interrogatories in his criminal plea colloquy.[8] (Dkt. #119, Exh. D at 3-6; see also Dkt. #122, Exhs. 1-3).[9] Plaintiffs claim that this "is not a valid objection and unfairly attempts to limit [plaintiffs'] discovery to those facts that happened to be discussed during the plea colloquy, a proceeding at which [plaintiffs were] not . . . participant[s]." (Dkt. #119, Brief at 9). In his brief in opposition, defendant again emphasizes that the information plaintiffs seek can be found in the "publicly-available court record[.]" (Dkt. #122, at 3).

First, it is incorrect that plaintiffs can locate the requested information in the available plea colloquy, or from the Stipulation of Offense Conduct, which do not contain the detailed as the information sought by plaintiffs. (See 13 CR 144 (SRU), Dkt. #31, at 36-41, 42-43; Dkt. #119, Exh. A, at 9-10). Second, "[i]t is no objection to interrogatories . . . that the information sought is within the knowledge of the interrogating party." Weiss v. Chrysler Motors Corp., 515 F.2d 449, 456 (2d Cir. 1975)(internal quotations & citations omitted). Therefore, with regard to Interrogatories Nos. 10, 12, 16, 17, 18, 19, and 20, plaintiffs' motion to compel is granted and defendant is instructed to supplement his responses **on or before July 31, 2015**.

---

counsel.

[8]Defendant also references the ability to find the information sought in the plea colloquy in his responses to Interrogatories Nos. 4, 5, and 6. (Dkt. #119, Exh. D at 2-3). However, he objects to these interrogatories on other grounds (id.), which are addressed in Sections I.B.1 supra and I.B.3 infra.

[9]The transcript of the January 3, 2014 waiver and plea is found at Dkt. #31 of 13 CR 144 (SRU).

### 3. OBJECTIONS FOR VAGUE, GENERAL, AND BROAD REQUESTS

Defendant objects to Interrogatories Nos. 4 and 5 because they are "too vague and general to be understood or answered[,]" and objects to Interrogatories Nos. 7, 8, 13, and 15 on the grounds that they are too broad. (Dkt. #119, Exh. D at 3-6).  Defendant also has responded to Interrogatories Nos. 7 and 8 that "there are no such records" concerning the requests.[10] (Id., Exh. D at 3). Plaintiffs clarify that these interrogatories are seeking information, not records, and while defendant may not be able to remember all of the information sought, defendants request that he provide the information he does remember. (Id., Brief at 9).  Similarly, defendant objects to Requests for Production Nos. 5, 6, 22, and 24 on the grounds that they are "overly broad and vague." (Id., Exh. D at 10-13). Plaintiffs respond that these objections should be overruled because they are generic and do not specifically address any shortcoming in the discovery requests. (Id., Brief at 11).

A party objecting to a discovery request bears the burden of showing why the objection should be sustained and must do more than "simply intone [the] familiar litany that the interrogatories are burdensome, oppressive, or overly broad." In re Priceline.com Inc. Sec. Litig., 233 F.R.D. 83, 85 (D. Conn. 2005), quoting Compagnie Francaise d'Assurance Pour le Commerce Exterieur v. Phillips Petroleum Co., 105 F.R.D. 16, 42 (S.D.N.Y. 1984). Instead, the objecting party must "show specifically how, despite the broad and liberal construction afforded the federal discovery rules, each . . . [request or] question is overly broad, burdensome or oppressive by submitting affidavits or offering evidence revealing the true nature of the burden." Id.

Here, defendant has done no more than object on the basis of the requests being too

---

[10]These interrogatories seek information about conversations between defendant and a doctor regarding the recruitment and treatment of clients. (Id.).

9

"broad" and "vague[.]" (Dkt. #119, Exh. D). He has not submitted affidavits or offered any evidence to support his objections. Because defendant failed to properly specify the basis for his objections to Interrogatories Nos. 4, 5, 7, 8, 13, and 15 and to Requests for Production Nos. 5, 6, 22, and 24, plaintiffs' motion to compel is granted, and defendant is ordered to supplement his responses to the interrogatories to the best of his recollection and to provide the requested documents **on or before July 31, 2015**.

### 4. OBJECTIONS ON GROUNDS OF PRIVILEGE

Defendant objects to Requests for Production Nos. 1, 2, and 3 on the grounds of attorney-client privilege and attorney work product privilege. (Id., Exh. D at 9-10). Plaintiffs argue that these objections are improper because the privilege has already been waived, and even if the privilege has not been waived, defendant failed to provide the required privilege log. (Id., Brief at 11-13). Plaintiffs argue that defendant has waived his attorney-client and work product privilege because "[t]he Second Circuit has long held that voluntary disclosure of confidential material to a third party results in the forfeiture of any applicable attorney-client based objection[]" and that "any claim to work product privilege is also waived." (Id. at 11-12, citing In re Horowitz, 482 F.2d 72, 81 (2d Cir. 1973); Salomon Bros. Treasury Litig. v. Steinhardt Partners, L.P., 9 F.3d 230, 235 (2d Cir. 1993)). The Second Circuit cases relied upon by plaintiffs discuss situations in which a party has voluntarily disclosed information to a third party. However, in this case, as defendant explains, he did not voluntarily disclose these documents, but rather that these documents were seized by the government pursuant to a search warrant issued before he was indicted. (Dkt. #122, at 2). Therefore, defendant has not voluntarily waived his attorney-client and work product privilege.

While defendant did not waive these privileges, Rule 26 of the Federal Rules of Civil

Procedure provides that a party withholding documents on the basis of privilege must "expressly make the claim" and "describe the nature of the documents, communications, or tangible things not produced or disclosed–and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." FED. R. CIV. P. 26(b)(5)(A). Additionally, Local Rule of Civil Procedure 26(e) mandates that "when a claim of privilege or work product protection is asserted in response to a discovery request for documents . . . , the party asserting the privilege or protection shall provide . . . a privilege log." D. CONN. L. CIV. R. 26(e). A failure to comply with the requirements of Rule 26 may result in a waiver of privilege. See FED. R. CIV. P. 26(b)(5), Advisory Committee Note (1993)("To withhold materials without such notice is contrary to the rule, subjects the party to sanctions under Rule 37(b)(2), and may be viewed as a waiver of the privilege or protection."). Here, defendant has provided no privilege log to accompany his objections to discovery. Accordingly, defendant will provide a privilege log **on or before July 17, 2015** for any documents he has withheld on the basis of attorney-client or work product privilege.[11] The Court will view a failure to provide an appropriate privilege log by this date as a waiver of privilege. Therefore, plaintiffs' motion to compel for Requests for Production Nos. 1, 2, and 3 is denied without prejudice to renew after defendant has filed his privilege log.

Defendant objects to Request for Production No. 7 which asks for "[a]ny and all state and federal tax returns filed by [defendant] during the relevant period[,]" on the basis that "[t]ax returns contain privilege[d] information concerning a third party." (Dkt. #119, Exh. D at 10). Defendant also did not respond to Request for Production No. 8 which seeks "[a]ny and all state and federal tax returns filed by any entity in which [defendant] had a legal

---

[11] The F.B.I. presumably is not in possession of privileged documents.

interest during the relevant period[;]" however, instead of objecting to the request, defendant states that it is "N/A[.]" (Id.).

Although tax returns are not inherently privileged, their discovery is generally subject to a higher standard than for other documents. Trilegiant Corp. v. Sitel Corp., 272 F.R.D. 360, 368 (S.D.N.Y. 2010). Courts will only order their disclosure when the returns are "relevant to the subject-matter of the cause of action" and when there is "a compelling need therefor because the information is not otherwise readily attainable [from a less intrusive source]." Id. (internal quotations & citations omitted); see also Melendez v. Primavera Meats, Inc., 270 F.R.D. 143, 144 (E.D.N.Y. 2010).

Here, plaintiffs argue that the requests are relevant because they "speak to the essence of the Amended Complaint, namely, that [defendant] profited from his unlawful control of the medical treatment and billing that was submitted to [plaintiffs]." (Dkt. #119, Brief at 13). However, while plaintiffs have demonstrated the relevance of the documents, they have not provided a compelling need for this information or demonstrated that the information is not available from another less intrusive source. Therefore, plaintiffs' motion to compel Requests for Production Nos. 7 and 8 is denied without prejudice to renew.

### 5. REMAINING INTERROGATORY AND REQUEST FOR PRODUCTION

Plaintiffs have requested an order compelling defendant to fully respond to all of the interrogatories and requests for production; however, plaintiffs do not specify any deficiencies with defendant's objection to Interrogatory No. 14 or his response to Request for Production No. 4. (Dkt. #119 at 2). Therefore, with regard to these discovery requests, plaintiffs' motion to compel is denied without prejudice to renew.

B. REQUESTS FOR SANCTIONS AND PAYMENT OF PLAINTIFFS' EXPENSES

Plaintiffs request that the Court impose sanctions against defendant and his counsel pursuant to Fed. R. Civ. P. 37(d) and to award plaintiffs their expenses, including attorney's fees, in bringing this motion to compel pursuant to FED. R. CIV. P. 37(a)(5)(A). (Id., Brief at 14-16). In support of this motion, plaintiffs reiterate that defendant did not respond to the discovery requests "in any meaningful way" and that defendant's counsel did not respond to plaintiffs' requests to settle this dispute without seeking court assistance. (Id., Brief at 14-15).

Rule 37 of the Federal Rules of Civil Procedure dictates that if a motion for an order compelling disclosure or discovery is granted in part and denied in part, as here, then the Court "may, after giving an opportunity to be heard, apportion the reasonable expenses of the motion." FED. R. CIV. P. 37(a)(5)(C).[12] Therefore, **on or before August 14, 2015**, plaintiffs shall file an affidavit which sets forth the number of hours plaintiffs' counsel has spent attempting to informally resolve this discovery dispute, drafting their motion and brief to compel discovery, compiling the exhibits, and any other time reasonably spent in connection with the pursuit of the pending motion and the production of the affidavit itself; the affidavit should also include the hourly rate that plaintiffs' counsel customarily charges.

---

[12]Defendant had an opportunity to argue against the imposition of attorney's fees in his brief in opposition to the current motion. In this brief, defendant argues broadly that the purpose of plaintiffs' lawsuit is to "evade [court] orders and findings" and "increase its proportional share" of the restitution which has already been ordered in the related criminal case. (Dkt. #122, at 2). Defendant also claims that plaintiffs' current motion "is asking the [C]ourt to order something which is impossible to punish both the imprisoned defendant and his lawyer[.]" (Id. at 3). However, defendant's counsel does not address the specific allegations raised in plaintiffs' brief in support of the granting of attorney's fees such as his failure to respond to plaintiffs' attempts to settle this dispute without court intervention, his use of generic objections, and his failure to provide a privilege log as required by Rule 26. Therefore, defendant has received "an opportunity to be heard" and failed to address why attorney's fees should not be granted.

Within fourteen days of plaintiffs filing their affidavit, defendant may file any opposition he has to plaintiffs' claim for attorney's fees.

## II. CONCLUSION

Accordingly, for the reasons stated above, plaintiffs' Motion to Compel Defendant Joseph Haddad and for Costs and Sanctions (Dkt. #119) is <u>granted in part and denied in part</u>, as follows:

<u>denied without prejudice to renew with respect to Interrogatories Nos. 1, 2, 6, 9, 11, 14, 21, and 22 and Requests for Production Nos. 1, 2, 3, 4, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 18, 19, 20, 21, and 23</u>; and

<u>granted for Interrogatories Nos. 4, 5, 7, 8, 10, 12, 13, 15, 16, 17, 18, 19, and 20 and Requests for Production Nos. 5, 6, 22, and 24 such that defendant must supplement his responses and provide the requested documents **on or before July 31, 2015**</u>.

<u>Additionally, defendant will provide a privilege log **on or before July 17, 2015** and plaintiffs' counsel will file an affidavit **on or before August 14, 2015** setting forth the time reasonably spent in connection with the pursuit of the pending motion and the hourly rate that plaintiffs' counsel customarily charges</u>.

This is not a Recommended Ruling, but a ruling on a non-dispositive motion, the standard of review of which is specified in 28 U.S.C. § 636; Fed. R. Civ. P. 6(a), 6(e) & 72; and Rule 72.2 of the Local Rules for United States Magistrate Judges. As such it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

<u>See</u> 28 U.S.C. § 636(b)**(written objection to ruling must be filed within fourteen days after service of same)**; FED. R. CIV. P. 6(a) & 72; Rule 2 of the Local Rule for United States Magistrate Judges, United States District Court for the District of

Connecticut; <u>Small v. Secretary of HHS</u>, 892 F.2d 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit)**; <u>Caidor v. Onondaga County</u>, 517 F.3d 601, 603-05 (2d Cir. 2008)**(failure to file timely objection to Magistrate Judge's discovery ruling <u>will</u> preclude further appeal to Second Circuit)**.

Dated at New Haven, Connecticut, this 9th day of June, 2015.

/s/ Joan G. Margolis, USMJ
Joan Glazer Margolis
United States Magistrate Judge
